UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ROBERT W. MAHER, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 4:16-CV-021-TAV-SKL |
| | ) | |
| BEDFORD COUNTY SHERIFF'S | ) | |
| DEPARTMENT and DR. MATTHEWS,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 [Doc. 1] that was transferred to this district from the United States District Court for the Middle District of Tennessee, which assessed plaintiff with the filing fee [Doc. 4]. Plaintiff has also filed a motion to amend his complaint [Doc. 15], which will be granted. For the reasons set forth below, however, no process shall issue and this action will be dismissed for failure to state a claim upon which relief may be granted.

**I.    Standard of Review**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28

---

[1] Plaintiff's motion to amend his complaint seeks to add Dr. Matthews as a defendant [Doc. 15 p. 1]. As the Court grants that motion in the instant order, the Clerk will be directed to Plaintiff's motion to amend his complaint seeks to add Dr. Matthews as a defendant [Doc. 15 p. 1].

U.S.C. §§ 1915(e)(2)(B), 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) apply to this case. These standards "govern[] dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

**II. Analysis**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand*

*Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

In his complaint and amended complaint, plaintiff seeks to assert a claim for denial of medical care arising out of his incarceration at Bedford County Jail. A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Id.* at 104–05. Establishing the deprivation of a federal right in the Eighth Amendment medical context requires evidence that the acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition" is insufficient to support claim for deliberate indifference to a prisoner's serious medical needs under the Eighth Amendment, however, as "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 107. Likewise, a difference of opinion between medical care providers as to appropriate treatment for an inmate's ailment does not present a constitutional

3

controversy. *Id.* at 105–6; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that a disagreement between prison physician and physician who originally prescribed medications is not of constitutional magnitude). Accordingly, where a prisoner receives some medical care and the dispute is over its adequacy, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Plaintiff's allegations in his complaint and amended complaint, taken as a whole, demonstrate that plaintiff disputes the adequacy of the medical care provided him. Specifically, plaintiff states that he saw Dr. Matthews nine times between October 28, 2015, and February 11, 2016, which is approximately a three and a half month period [Doc. 1 p. 4]. In his original complaint, plaintiff asserts that Dr. Matthews found that plaintiff needed various surgeries[2] and that on January 21, 2016, less than a month before he filed his complaint, prison officials agreed that plaintiff needed the surgeries and let him know that he should seek a furlough for the surgeries, but did not help him get this done [*Id.* at 6–7].

---

[2] Plaintiff also makes a general and conclusory reference to needing a cane to walk and unspecified persons denying him a cane [Doc. 1 p. 6], but provides no facts from which the Court can plausibly infer that this alleged occurrence amounted to a violation of the Eighth Amendment. Plaintiff also alleges that he is being denied medical care for his heart disease [*Id.* at 10]. In support thereof, however, plaintiff states only that he requires yearly or bi-yearly testing on his heart and that he had requested this testing the day before he signed his original complaint [*Id.* at 10–11]. Plaintiff does not reference this claim in his motion to amend complaint [Doc. 15]. Thus, these allegations are insufficient to state a claim for a violation of the Eighth Amendment.

Plaintiff sets forth no facts from which the Court can plausibly infer that jail officials[3] had any responsibility to help him receive such a furlough, however.[4] Plaintiff repeatedly states in his amended complaint that defendant Matthew refused to allow him to have the surgeries [Doc. 15 p. 2]. Thus, it is apparent that Plaintiff's complaint results from the fact that plaintiff disagrees with defendant Dr. Matthews' medical determination that plaintiff did not require the requested surgeries, which both plaintiff and plaintiff's former physician believed were needed. As such, even liberally construing the complaint and amended complaint as a whole in favor of plaintiff, the Court finds that plaintiff has not stated a claim for deliberate indifference to his medical needs, but rather, at best, a claim for medical malpractice. As such, this action will be dismissed.

---

[3] Plaintiff has only named Dr. Matthews and Bedford County Sheriff's Department as defendants in this matter. Bedford County Sheriff's Department, however, is not a suable entity under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688–90, 690 n.55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *see*, *e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983). Even if the Court liberally construes plaintiff's complaint as attempting to set forth claims against jail officials and/or Bedford County, however, the complaint fails to establish a denial of medical care and therefore fails to state a claim upon which relief may be granted. *See Grabow v. Cty. of Macomb*, 580 Fed. App'x 300, 311–12 (6th Cir. 2014) (affirming the trial court's grant of summary judgment to the county-defendant where plaintiff failed to present facts upon which a reasonable juror could conclude the inmate's Eighth and Fourteenth Amendment rights to adequate medical care were violated, noting that "[a]bsent an underlying constitutional violation, [plaintiff's] claim against the county under § 1983 must also fail.") (internal citations omitted); *see also, e.g.*, *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007) ("There can be no Monell municipal liability under § 1983 unless there is an underlying unconstitutional act.").

[4] Further, it is apparent from Tennessee law and the policies of the Tennessee Department of Correction that the inmate's physician is the individual responsible for such matters. Specifically, Tenn. Code Ann. § 41-21-227(i) requires a medical recommendation from a director of medical services accompanied by a notarized report of the attending physician prior to granting a furlough to an inmate due to his medical, physical, or psychological condition. Also, Index # 511.01.1 of the Administrative Policies and Procedures for the Tennessee Department of Correction provides that the institutional physician is required to initiate a Medical Furlough Request.

5

### III. Conclusion

For these reasons, the Court will **GRANT** plaintiff's motion to amend complaint [Doc. 15]. As the Court will grant that motion, the Clerk will be **DIRECTED** to add Dr. Matthews to the list of defendants on the Court's docket sheet. Furthermore, the summons will not issue and this pro se prisoner's civil rights action, filed under 42 U.S.C. § 1983, will be **DISMISSED**. In addition, the Court will **CERTIFY** that any appeal from this order would not be taken in good faith and the Court will, therefore, **DENY** plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE