UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ROBERT W. MAHER, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | )  No.: 4:16-CV-021-TAV-SKL |
| BEDFORD COUNTY SHERIFF'S DEPARTMENT and DR. MATTHEWS, | ) ) ) ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This is a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983. On September 16, 2016, the Court entered a memorandum opinion and order screening Plaintiff's complaint and amended complaint and dismissing them for failure to state a claim under 28 U.S.C. § 1915 [Docs. 35, 36]. On May 18, 2017, the Court entered an order denying Plaintiff's first motion to amend the complaint after this dismissal and denying Plaintiff relief under Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 38]. On June 28, 2017, the Court entered an order [Doc. 541] denying both Plaintiff's second motion to amend the complaint after dismissal [Doc. 39] and Plaintiff's motion to add evidence regarding relief under Rule 60(b) [Doc. 40]. In this order, the Court notified Plaintiff that the Court would not look favorably upon any future motions for post-judgment relief and/or evidentiary submissions based upon the same allegations as those Plaintiff has already set forth [Doc. 41 p. 3]. Now before the Court is Plaintiff's motion to open separate cases [Doc. 42], which will be **DENIED** for the reasons set forth below.

In his motion to open separate cases, it appears that Plaintiff seeks to file a new lawsuit against the Defendants in this case and other individuals based on what Plaintiff alleges is new evidence [Doc. 42 p. 1–2].  Specifically, Plaintiff alleges that the fact that he was not able to go to the hospital is newly discovered evidence and that this evidence is a sufficient basis for a new action [*Id.* at 2].  No facts set forth in Plaintiff's motion support finding that Plaintiff's inability to go to the hospital is "new evidence" to support any claim, however.

As such, to the extent that Plaintiff seeks to have the Court reconsider its dismissal of this action based upon the fact that he was unable to go to the hospital, that request is **DENIED**.  Further, as Plaintiff has already filed a separate lawsuit setting forth allegations substantively identical to those in this case, *Maher v. Bedford Cty. Sheriff's Dep't, et al.*, No. 3:17-CV-231 (E.D. Tenn. May 31, 2017), his request to file a separate lawsuit is **DENIED as moot**.  Accordingly, Plaintiff's motion to file separate cases [Doc. 42] is **DENIED**.

Further, Plaintiff is again **NOTIFIED** that the Court will not look favorably upon any future motions for post-judgment relief and/or evidentiary submissions based upon the same allegations as those Plaintiff has already set forth.  This notification also applies to evidence that Plaintiff could have previously set forth.

Plaintiff is also **NOTIFIED** that information regarding the status of Plaintiff's injuries and/or past medical events are not grounds for relief from the final judgment in

this matter, and the Court will not look favorably upon any future motions seeking relief based thereon.[1]

**IT IS SO ORDERED.**

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In his most recent lawsuit, Plaintiff has filed a number of motions requesting to add new evidence. *Maher v. Bedford Cty. Sheriff's Dep't, et al.*, No. 3:17-CV-231 (E.D. Tenn. May 31, 2017) [Docs. 5, 8, 14, 15, 16]. In these motions, Plaintiff sets forth various information that he asserts is new evidence that entitles him to relief under Rule 60(b). Rule 60(b), however, sets forth grounds for relief from a final judgment, order, or proceeding, *see* Fed. R. Civ. P. 60(b), and the Court had entered no such final order in that case as of the dates on which Plaintiff filed those motions. Accordingly, it appears that in the motions filed in his most recent action, Plaintiff may have intended to seek relief from the Court's dismissal of this case. To the extent that Plaintiff did so intend, however, those motions are improper, as Plaintiff cannot seek relief from the final judgment in this case by filing motions in a separate case.

Moreover, even if Plaintiff had filed the relevant motions in this case, the Court would have denied them, as the "new evidence" that Plaintiff asserts entitles him to relief includes allegations about past incidents involving his injuries, medical records regarding his injuries, and/or updates the Court on the current status of his injuries. None of this information entitles Plaintiff to relief under Rule 60(b).